AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SHAROD WILLIAMS <br> *Plaintiff* <br> v. <br> THE CITY OF NEW YORK, et al. <br> *Defendant* | Civil Action No. 10 CV 5103 (SJ)(JMA) |

## AMENDED SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, New York, New York 10007   New York, NY

P.O. JOHN FOX, SHIELD NO.: 7480
106th Precinct, 103-53 101st, Ozone Park, New York 11417

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____       _____
                                     *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SHAROD WILLIAMS,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. JOHN FOX, Shield No. 7480, Individually and in his Official Capacity, and LT. FRANK DIPRETA, Individually and in his Official Capacity,

        Defendants.

------------------------------------------------------------------ X

**AMENDED COMPLAINT**

10 CV 5103 (SJ) (JMA)

**JURY TRIAL DEMANDED**

**ECF CASE**

    Plaintiff, SHAROD WILLIAMS, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, P.O. JOHN FOX and LT. FRANK DIPRETA were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

### STATEMENT OF FACTS

13. On May 13, 2008, at approximately 7:00 p.m., plaintiff SHAROD WILLIAMS was lawfully driving a motor vehicle westbound on the North Conduit, past the Aqueduct train station, in the County of Queens, in the City and State of New York.

14. At the aforesaid time and place, plaintiff SHAROD WILLIAMS was pulled over by defendant police officers.

15. The officers had their guns drawn and ordered plaintiff SHAROD WILLIAMS to lie on the ground.

16. The officers accused plaintiff SHAROD WILLIAMS of committing a robbery.

17. Thereafter, defendants falsely arrested plaintiff SHAROD WILLIAMS and charged him with robbery.

18. In connection with this arrest, defendants filled out false police reports and forwarded these reports to prosecutors in the Queens County District Attorney's Office.

19. At plaintiff SHAROD WILLIAMS's arraignment, bail was set at an amount which plaintiff could not post.

20. As a result plaintiff SHAROD WILLIAMS spent approximately six days in custody until the case was presented before the grand jury.

21. The grand jury refused to indict and dismissed the case on May 19, 2008.

22. As a result of plaintiff SHAROD WILLIAMS's arrest he lost his job.

23. As a result of the foregoing, plaintiff SHAROD WILLIAMS sustained, *inter alia*, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

26. All of the aforementioned acts deprived plaintiff SHAROD WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of defendants' aforesaid conduct, plaintiff SHAROD WILLIAMS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Williams.

35. Defendants lacked probable cause to initiate criminal proceedings against Mr. Williams.

36. Defendants acted with malice in initiating criminal proceedings against Mr. Williams.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants misrepresented and falsified evidence before the Grand Jury.

41. Defendants did not make a complete and full statement of facts to the Grand Jury.

42. Defendants withheld exculpatory evidence from the Grand Jury.

43. On May 19, 2008, the criminal proceedings were terminated in Mr. Williams's favor when the grand jury refused to indict him on the charges.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. The aforementioned individual defendants issued legal process to place SHAROD WILLIAMS under arrest.

46. The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

47. The aforementioned individual defendants acted with intent to do harm to plaintiff SHAROD WILLIAMS, without excuse or justification.

48. As a result of the foregoing, plaintiff SHAROD WILLIAMS sustained, inter alia, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF

## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50. Defendants created false evidence against Mr. Williams.

51. Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's office.

52. In creating false evidence against Mr. Williams, and in forwarding false information to prosecutors, defendants violated Mr. Williams' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

   a. Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."
   b. Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk' Practices: A Report to the People of the State of New York from the Office of the Attorney General."

56. All of the foregoing acts by defendants deprived plaintiff SHAROD WILLIAMS of federally protected rights, including, but not limited to, the right:

      a. Not to be deprived of liberty without due process of law;

      b. To be free from seizure and arrest not based upon probable cause

      c. To be free from unwarranted and malicious criminal prosecution

      d. Not to have cruel and unusual punishment imposed upon him; and

      e. To receive equal protection under the law.

57. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff SHAROD WILLIAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:    March 9, 2011
                New York, New York

                                            _____/S/_____
                                            JON L. NORINSBERG (JN2133)
                                            Attorney for Plaintiff
                                            225 Broadway, Suite 2700
                                            New York, N.Y. 10007
                                            (212) 791-5396